UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| MICHAEL PETERS, | : | CASE NO. 1:17-cv-1660 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 22] |
| INMATE SERVICES CORP., | : | |
| Defendant. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this class action involving the negligent transportation of detainees and prisoners, Defendant Inmate Services Corporation ("Inmate Services") moves this Court to transfer the case to the United States District Court for the Eastern District of Arkansas (Jonesboro).[1]

For the following reasons, the Court **GRANTS** Defendant's motion to transfer.

## I. BACKGROUND

Plaintiff Michael Peters, an Ohio resident, filed this action in the Cuyahoga Court of Common Pleas on July 5, 2017.[2] Defendant Inmate Services removed the action to this Court on August 8, 2017.[3]

In his complaint, Plaintiff Peters alleges that Defendant Inmate Services took custody of him pursuant to an extradition order and then circuitously transported him handcuffed for five straight days through several states.[4] During that time, Defendant allegedly failed to provide Peters

---

[1] Doc. 22.
[2] Doc. 1-1.
[3] Doc. 1.
[4] Doc. 1-1 at ¶¶ 7-8.

Case No. 1:17CV1660
Gwin, J.

a shower, a bed, adequate physical exercise, sufficient breaks, medical care, or opportunities to attend to basic hygiene.[5]

Peters brings claims for negligence and negligent infliction of emotional distress.[6] In addition to damages, Peters seeks declaratory and injunctive relief.[7] Peters also seeks to certify a class of detainees or prisoners whom Defendant Inmate Services took custody of and transported for trips greater than 24 hours in length.[8] This class has not yet been certified.

About eight months before Peters filed suit, on November 15, 2016, Danzel Stearns filed a complaint in the Eastern District of California against Defendant Inmate Services in connection with the conditions of his own custody and transportation.[9] On December 6, 2016, the Eastern District of California transferred the case to the Eastern District of Arkansas because Defendant is located there.[10] The Order does not say that any of the parties had moved to transfer.[11]

In his earlier-filed complaint, Stearns alleges that Defendant Inmate Services took custody of him pursuant to a warrant and then transported him handcuffed for 200 continuous hours through 13 states.[12] During that time, Stearns alleges Defendant Inmate Services allegedly did not allow Stearns to wash his hands, change clothes, use the toilet regularly, or sleep on a bed.[13]

Stearns brings claims under Section 1983 for Fourth, Eighth, and/or Fourteenth Amendment violations and a California state law claim, which provides a cause of action for another's interference with one's constitutional rights.[14] Stearns seeks declaratory and injunctive

---

[5] *Id.* at ¶ 7.
[6] *Id.* at ¶¶ 15-27.
[7] *Id.* at ¶¶ 28-33.
[8] *Id.* at ¶¶ 11-14.
[9] *Stearns v. Inmate Services Corp.*, No. 16-cv-00339-BRW-JJV (E.D. Ark. Nov. 15, 2016), Doc. 1.
[10] *Id.*, Doc. 5.
[11] *Id.*
[12] Doc. 22-1 at ¶¶ 18-23.
[13] *Id.* at 1-2.
[14] *Id.* at ¶¶ 41-51. Stearns alleges constitutional violations relating to unlawful conditions of confinement, excessive force, cruel and unusual punishment, and due process and privacy. *Id.* at ¶ 43.

Case No. 1:17CV1660
Gwin, J.

relief, in addition to damages.[15]  Stearns also seeks to certify a class of inmates whom Defendant transported on or after November 7, 2014 for more than 48 continuous hours.[16]  The class would include subclasses of inmates subject to certain conditions during transportation for more than 48, 72, 96, 120, 144, 168, and 192 hours.[17]  No class or subclass has been certified yet in *Stearns*.[18]

Defendant Inmate Services argues that the Court should transfer this case to the Eastern District of Arkansas (Jonesboro) under the first-to-file rule.[19]  Plaintiff has not filed any opposition to Defendant's motion.  Plaintiff filed a report stating he is unable to determine whether to oppose Defendant's motion because Defendant has not provided him with his requested discovery.[20]

## II. LEGAL STANDARD

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'"[21]

When the first-to-file rule has been properly raised, a district court presiding over the second-filed case has four options: (1) dismiss the case without prejudice; (2) transfer the second-filed case to the district in which the first-filed case is pending; (3) stay proceedings in the second-filed case while the first-filed court decides whether to retain or relinquish jurisdiction; or (4) proceed without interruption.[22]

---

[15] *Id.* at 10-11.
[16] *Id.* at ¶ 25.
[17] *Id.* at ¶ 26.  Stearns also includes a subclass of inmates who were transported within California for more than 48, 72, 96, 120, 144, 168, and 192 hours.  *Id.* at ¶ 27.
[18] *Stearns*, No. 16-cv-00339-BRW-JJV, Doc. 31 (discovery deadline set for March 25, 2018 with dispositive motions due April 23, 2018).
[19] Defendant argues, in the alternative, that transfer of venue is appropriate under 28 U.S.C. § 1404(a).  Doc. 22 at 7-9.
[20] Doc. 23 at 1.
[21] *Zide Sport Shop of Ohio, Inc. v. Ed Tobergate Assoc., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)).
[22] *NanoLogix, Inc. v. Novak*, No. 4:13-CV-1000, 2013 WL 6443376, at *2 (N.D. Ohio Dec. 9, 2013).

Case No. 1:17CV1660
Gwin, J.

In deciding whether to transfer a case pursuant to the first-to-file rule, the Court looks to three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake.[23] If these three factors are satisfied, the Court must still determine "whether any equitable considerations, such as evidence of 'inequitable conduct, bad faith, anticipatory suits, [or] forum shopping,' merit not applying the first-to-file rule in a particular case."[24] District courts maintain discretion to decline to apply the first-to-file rule.[25]

### III. ANALYSIS

The Court transfers this case to the Eastern District of Arkansas (Jonesboro) under the first-to-file rule.[26]

#### A. Chronology of Events

The first factor is satisfied. The *Stearns* case was filed on November 15, 2016. The instant case was filed in state court on July 5, 2017 and then removed to this Court on August 8, 2017.

#### B. Similarity of Parties

Second, similar parties are involved in both cases. "The first-to-file rule applies when the parties in the two actions 'substantial[ly] overlap,' even if they are not perfectly identical."[27] To start, Inmate Services is a defendant in both actions.

In addition, the plaintiffs in both cases are substantially similarly situated. Where neither relevant case has a certified class, the Sixth Circuit has held that courts must "evaluate the identity of the parties by looking at overlap with the putative class."[28] Here, this Court and the *Stearns* court have yet to certify a class.

---

[23] *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016).
[24] *Id.* (citation omitted).
[25] *Id.* at 793.
[26] Because the Court finds the first-to-file rule applies, it does not consider Defendant's alternative arguments for transfer of venue under 28 U.S.C. § 1404(a).
[27] *Baatz*, 814 F.3d at 790 (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997)).
[28] *Id.* at 791.

Case No. 1:17CV1660
Gwin, J.

Plaintiff Peters, however, is likely to be a member of at least one of the *Stearns* putative subclasses. Peters alleges that Defendant Inmate Services held him for five straight days between July 4 and July 9, 2015 under the relevant poor conditions.[29]

Stearns is also likely to be a member of a putative class in this case. Stearns alleges that Defendant took custody of him and transported him continuously for more than 200 hours.

While this case's proposed class would include additional members (those transported between 24 and 48 hours) who are not plaintiffs in the *Stearns* action, what matters for the Court's purposes is that Peters and Stearns would be parties to both actions.[30] The second factor is satisfied.

**C. Similarity of Issues**

The third factor is also satisfied. To satisfy the third factor, "[t]he issues need not be identical, but they must be materially on all fours and have such an identity that a determination in one action leaves little or nothing to be determined in the other."[31]

While the claims in both cases are not identical, both set of claims are predicated on similar facts. In particular, the negligence claims in this case and the constitutional claims in *Stearns* both depend on the severity of the conditions in which Defendant Inmate Services transported Stearns and Peters, and the putative class members. Both cases seek declaratory and injunctive relief, in addition to damages. Thus, the issues in both cases are substantially similar.[32]

---

[29] Doc. 1-1 at ¶¶ 7-8.
[30] *See id.*
[31] *Id.* (citation and internal quotation marks omitted).
[32] *See, e.g.*, *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95–96 (9th Cir. 1982) (finding issues substantially similar where central questions for each case were identical, despite differing claims); *NCR Corp. v. First Fin. Computer Servs., Inc.*, 492 F. Supp. 2d 864, 867 (S.D. Ohio 2007) (same).

Case No. 1:17CV1660
Gwin, J.

**D. Equitable Considerations**

Lastly, the Court finds no equitable considerations that would stop it from applying the first-to-file rule. Deviations from the first-to-file rule "should be the exception, rather than the norm."[33]

This is not a case of an anticipatory suit, or forum shopping. Defendant Inmate Services was sued first in the Eastern District of California. That court then transferred the case to the Eastern District of Arkansas. While Defendant Inmate Services is located in Arkansas, there is no indication that Defendant initiated the transfer. Less than a year later, Defendant was sued in this District for substantially the same conduct.

Moreover, the Court does not find evidence of inequitable conduct or bad faith. It makes sense to consolidate the cases in a place where its records and witnesses are located. Frankly, it is surprising that Defendant Inmate Services had not made this motion earlier.

It is true that Plaintiff Peters, an Ohio resident, may be inconvenienced by having to litigate this case in Arkansas. However, Defendant has offered to mitigate this inconvenience by agreeing to depose Peters in the Northern District of Ohio.[34] Given this offer and the judicial resources that will be saved by not litigating substantially similar cases in two different courts, the Court finds the equities weigh more in favor of transfer.

Plaintiff Peters' report does not change the Court's conclusion. First, it is unclear how Plaintiff's requested discovery would affect analysis of the first-to-file factors. Analysis of those factors here primarily relies on the pleadings. Second, Peters does not explain how the requested discovery concerns any of the equitable considerations.

---

[33] *Baatz*, 814 F.3d at 792.
[34] Doc. 22 at 7.

Case No. 1:17CV1660
Gwin, J.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** Defendant's motion to transfer.

IT IS SO ORDERED

Dated: January 11, 2018                         *s/        James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE